**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JEFFREY JOSEPH MCCOY,** | * | |
| Petitioner, | * | |
| v. | * | Civil No. RWT-14-1303 |
| | * | Civil No. RWT-16-4058 |
| **UNITED STATES OF AMERICA,** | * | Related Criminal No. RWT-10-0536 |
| Respondent. | * | |

## MEMORANDUM OPINION AND ORDER

Following a jury trial, Petitioner was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute less than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Now pending before the Court are Petitioner's Motions to Vacate Under 28 U.S.C. § 2255 [ECF No. 99, 103] and Petitioner's Motion Under 28 U.S.C. § 1651, The All Writs Act [ECF No. 117].

## BACKGROUND

On February 23, 2010, Petitioner was riding in a car driven by Alvoid Hamilton. ECF No. 112 at 2.[1] Officers with the Glenarden Police Department pulled over the car after observing that it had expired registration tags. *Id.* During the stop, the officers confirmed that the tags were expired, determined that the driver did not have a valid driver's license, and decided to impound the car. *Id.* While conducting a subsequent inventory search prior to impoundment, the officers discovered marijuana and drug paraphernalia in the car. *Id.* They

[1] Petitioner's Motion to Vacate does not contain a summary of the facts surrounding his arrest. Accordingly, the following facts are summarized from the Government's Response to Petitioner's Motion to Vacate [ECF No. 112].

arrested Hamilton while Petitioner fled on foot, and a pistol fell from Petitioner's waistband as he ran from the police. *Id.* at 2-3. Once Petitioner was apprehended, the officers found heroin and cocaine base, as well as a large sum of cash in small bills, on his person. *Id.* at 3.

On September 1, 2010, a grand jury returned a three-count indictment charging Petitioner with: (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute less than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). ECF No. 103 at 1-2.

The Court held a hearing on defense motion to suppress evidence obtained during the traffic stop, in which the defense argued that the traffic stop was conducted without reasonable suspicion. The Court denied this motion. ECF No. 103 at 3. It also denied a motion *in limine* to preclude the testimony of an expert witness who would offer testimony related to drug trafficking. ECF No. 112 at 3. Following a trial in October 2011, a jury found Petitioner guilty on all charges. ECF No. 103 at 3. This Court sentenced Petitioner to a term of 96 months' imprisonment for the convictions on Counts One and Two, to be served concurrently, followed by a prison term of 60 months, to be served consecutively, on Count Three. *Id.*

Petitioner filed his *pro se* Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 on April 14, 2014 [ECF No. 99], and filed an Amended Motion on June 23, 2014 [ECF No. 103]. He filed a Supplement to his Petition on March 6, 2015 [ECF No. 108]. On December 19, 2016,

Petitioner filed a Motion Under 28 U.S.C. § 1651, The All Writs Act – For "New Defense Not Available At the Time of Conviction" [ECF No. 117].[2]

**STANDARD OF REVIEW**

Petitions filed *pro se* are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Under 28 U.S.C. § 2255, a prisoner in custody may move the court to vacate, set aside, or correct a sentence if he can prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *Id.*

**DISCUSSION**

**I. PETITIONER'S MOTION TO VACATE [ECF NO. 99, 103]**

As noted above, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 99], an Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 103], and a Supplement to the Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 108] (hereinafter, "the § 2255 Motions"). The Court will consider the § 2255 Motions together.

[2] By Memorandum and Order dated January 26, 2017, this Court granted in part and denied in part Petitioner's Motion for Relief to Conform the Proceedings with Due Process Principles [ECF No. 107], granted the Government's Motion to Late File Response [ECF No. 111], denied Petitioner's Motion for Sanctions Against Respondent and for Other Relief [ECF No. 113], granted in part and denied in part Petitioner's Motion for a Prompt Ruling as to Government's Motion, with Request for Alternate Relief If the Motion to Late File Is Granted [ECF No. 116], and directed Petitioner to file any reply to the Government's Response to Motion to Vacate [ECF No. 112] within twenty-eight days of the date of the Order. ECF No. 118. Petitioner filed no reply.

Petitioner raises six grounds in support of his § 2255 Motions, claiming that he was denied his Sixth Amendment right to effective assistance of counsel at his suppression hearing, at trial, and on direct appeal. Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, a defendant must show that counsel's performance was deficient. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689; *see United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 689. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the prejudice prong, a defendant must show that the deficient performance prejudiced the defense, and that but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694. Unless a defendant makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* at 669. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

**A. Ground One: Trial Counsel Allegedly Provided Ineffective Assistance During the Proceedings on the Defense Motion to Suppress Evidence.**

Petitioner first claims that his trial counsel, John McKenna, was ineffective for failing to present evidence and argument to support the claim that the initial car stop, which led to

Petitioner's arrest, violated the Fourth Amendment. ECF No. 99 at 7. He first claims that counsel was ineffective for failing to introduce evidence showing that the appearance of the registration sticker was not sufficient for a finding of reasonable suspicion to conduct a traffic stop. ECF No. 103 at 4. Second, he argues that trial counsel was constitutionally ineffective because he failed to introduce evidence of the police department's impoundment policy, which would have demonstrated that the police were not required to impound the car. ECF No. 99 at 8. Third, Petitioner claims that trial counsel was ineffective for failing to call Alvoid Hamilton, the driver of the car, as a witness in the suppression hearing. *Id.* at 9-10. He asserts that Hamilton would have provided testimony that contradicted the Government's version of events, *id.* at 9-10, and would have "greatly aided Petitioner's case for suppression of the evidence obtained as a result of the traffic stop," ECF No. 103 at 12. Fourth, Petitioner argues that his trial counsel was ineffective for failing to identify or interview a tow-truck driver who witnessed the car stop and could have provided testimony regarding the constitutionality of the search as well as whether Petitioner possessed a weapon. ECF No. 99 at 10. Last, he argues that his trial counsel failed to rigorously cross-examine the suppression hearing witnesses as required by the Sixth Amendment. *Id.* at 10-11.

Petitioner essentially argues that if his trial counsel had not committed the errors described above, the Court would have found the traffic stop and vehicle search unreasonable under the Fourth Amendment, and excluded any evidence obtained as a result of the search. A review of the suppression hearing transcript, however, shows that Mr. McKenna vigorously cross-examined the police officer who made the traffic stop to cast doubt on both the reasonableness of the stop as well as his decision to impound and search the car. *See* ECF No. 49 at 17-29. He also cross-examined Officer Butler on the police department's

impoundment procedures, *id.* at 59-60, and zealously argued that all evidence recovered from Petitioner as a result of the allegedly unlawful stop and arrest should be suppressed, *id.* at 80-82.

Moreover, as the Government points out, there is no reason to believe that Hamilton's testimony would have been helpful to Petitioner. *See* ECF No. 112 at 7. The declaration from Hamilton likely supports the argument that the impoundment and search of the car were, in fact, reasonable, as Hamilton admits that he "did not have [his] driver's license," ECF No. 103 Ex. 3 ¶ 11, and that the search of the car did not take place until after the officer told him that the vehicle would be impounded, *id.* ¶¶ 14-19.

Petitioner has not demonstrated that he was prejudiced by his counsel's alleged errors. This Court found that the "stop of the vehicle really [could] not be seriously questioned in any way." ECF No. 49 at 82. The Court also found that the police officers had "more than sufficient cause to arrest [Petitioner]," and anything obtained as a result of the search pursuant to the arrest was properly admissible. *Id.* at 83. There is nothing to indicate that Mr. McKenna "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See Strickland*, 466 U.S. at 687. Nor is there anything on the record indicating that, had Mr. McKenna conducted his cross-examination differently or obtained hypothetically helpful testimony of two witnesses, the Court would have granted the motion to suppress. Petitioner has demonstrated neither that his counsel at the suppression hearing was ineffective, nor that any prejudice resulted from his alleged errors.

**B. Ground Two: Petitioner Was Allegedly Deprived of Effective Assistance of Counsel at Trial.**

In support of this ground for relief, Petitioner makes a number of arguments. First, he claims that trial counsel was constitutionally ineffective for failing to procure an expert witness regarding narcotics trafficking and traffickers, to counter the Government's expert testimony.

ECF No. 99 at 11-12. Relatedly, he next claims that his trial counsel was constitutionally ineffective for failing to present documentary evidence and/or lay testimony regarding crack cocaine use, abuse, and addiction, in order to counter the Government's expert testimony on the subject. *Id.* at 12. Third, Petitioner argues that counsel was deficient for failing to elicit and introduce evidence that the police originally identified the recovered handgun as a Smith & Wesson model, but later identified it as a Hi-Point model. *Id.* at 13. Fourth, he claims that his trial counsel was deficient for failing to produce "sponsoring" or "qualified" witnesses to ensure that certain hospital records would be admissible. *Id.* Fifth, Petitioner argues that his trial counsel was deficient because he failed to conduct adequate pre-trial investigation of the Government's expert witness on drug trafficking and use, and by failing to adequately challenge the expert's qualifications. *Id.* Sixth, he claims that his trial counsel did not adequately cross-examine and impeach Government witnesses. *Id.* Seventh, Petitioner claims that trial counsel did not adequately prepare the defense witnesses to testify at trial, as he decided to call them less than twenty-four hours before they were to give testimony. *Id.* at 14. Eighth, he argues that his counsel was ineffective because he opened the door to the Government's cross-examination of Petitioner regarding facts underlying his past convictions. *Id.* Last, he argues that trial counsel improperly failed to object to the Government's allegedly improper or inaccurate statements during closing arguments. *Id.*

Petitioner's claims relating to his trial counsel's decisions regarding expert witnesses must fail. As Mr. McKenna stated on the record, he "made a trial tactic decision not to designate an expert ourselves, feeling that without experts, that would put us in an advantageous position." ECF No. 91 at 7-8. Given that this Court must view this action with the "strong presumption that the challenged action might be considered sound trial strategy," *Strickland*, 466 U.S. at 689

(internal citations and quotation marks omitted), there is no reason for this Court to second-guess Mr. McKenna's strategic decision not to call an expert to rebut the Government's expert. *See United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) ("'[T]he decision whether to call a defense witness is a strategic decision' demanding the assessment and balancing of perceived benefits against perceived risks, and one to which '[w]e must afford. . .enormous deference.'") (quoting *United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994)); *Kane v. Hershberger*, Civ. Action No. PWG-13-3246, 2015 WL 6152921, at *7 (D. Md. Oct. 16, 2015) ("Trial counsel's strategic decisions relating to which witnesses to use at trial are entitled to substantial deference under *Strickland*.") (citing *Bunch v. Thompson*, 949 F.2d 1354, 1364 (4th Cir. 1991)); *Robinson v. United States*, No. Civ. PJM-07-2528, 2008 WL 5135166, at *4 (D. Md. Dec. 3, 2008) ("[C]ounsel's decision whether to call a witness is a strategic determination that is entitled great deference.").

In claiming that trial counsel's performance was deficient because he failed to challenge the Government's drug trafficking expert's qualifications, Petitioner raises claims that are purely speculative. He argues, essentially, that had counsel challenged the expert's qualifications, it might have emerged that the expert was not actually qualified. *See* ECF No. 108 at 13-15 ("Had defense counsel competently questioned Agent Barnes with respect to Barnes' education, experience and training related to habits of crack users, counsel could have established on the record" that Barnes was unqualified for a number of reasons). He does not seem to aver that such questioning *would* have established that Agent Barnes was unqualified. And Petitioner fails to acknowledge that Mr. McKenna did, in fact, question Agent Barnes about his qualifications. ECF No. 93 at 101-04. The questions that Mr. McKenna chose to ask fall well within the "wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 689.

The same can be said for Petitioner's claim that Mr. McKenna did not effectively cross-examine witnesses. Defense counsel's decisions on how to cross-examine a particular government witness is a tactical trial decision that this Court will not second-guess. *See White v. United States*, 2016 WL 560560, at *4 (D. Md. Feb. 12, 2016) (noting that the "Fourth Circuit has advised against engaging in a 'grading of the quality of counsel's cross-examination,'" and declining to "'grad[e]' counsel's performance, as Petitioner's disagreement with counsel's questions does not amount to deficient performance under *Strickland*.") (quoting *Hunt v. Nuth*, 57 F.3d 1327, 1333 (4th Cir. 1995)). Moreover, Petitioner provides no arguments in support of this sub-ground for relief to show how he was prejudiced at trial by his counsel's allegedly deficient cross-examination of Government witnesses.

Petitioner's claim regarding Mr. McKenna's failure to provide "sponsoring" or "qualified" witnesses to ensure that his hospital records would be admissible is also deficient as Petitioner is unable to show that he was prejudiced by the exclusion of this evidence. Indeed, this Court "seriously question[ed]" whether these hospital records—showing that Petitioner was under the influence of drugs—were relevant, as they supported only that Petitioner was a drug *user*, rather than a drug *addict*, as defense counsel was trying to establish. ECF No. 93 at 8-9. And with regard to the records of the probation officer—which Mr. McKenna also wanted to use to establish that Petitioner was a drug user—this testimony was elicited from McCoy himself, *see* ECF No. 94 at 79, and was repeated in Mr. McKenna's closing arguments, *see id.* at 140. Given the Court's serious doubts about whether these records showing that Petitioner was a drug user were even relevant, Petitioner has far from established that the outcome of his trial would have been different if these records had been admitted.

Counsel for Petitioner was likewise certainly not ineffective for failing to put forth Petitioner's odd conspiracy theory that a mistaken identification of the handgun he possessed as a Smith & Wesson, rather than a Hi-Point, "permits the inference that the gun first identified was planted by police, and that the Hi-Point was later substituted and claimed to have been the gun dropped because the substitution somehow strengthened the criminal case against Petitioner." ECF No. 108 at 7. Mr. McKenna was under no obligation to pursue otherwise baseless theories of misconduct by the police when there is no evidence pointing to anything other than a simple clerical mistake. And given that two police officers testified under oath that they saw Petitioner with a handgun, *see* ECF No. 91 at 70 (testimony of Officer Butler); *id.* at 118 (testimony of Officer Jackson), Petitioner has not shown that the jury would have disregarded this testimony in favor of Petitioner's theory that the police planted evidence.

Petitioner next claims that trial counsel was ineffective for failing to adequately prepare defense witnesses Narissa Ford and Jeffrey McCoy, Sr. to testify at trial. But he has made nothing more than the conclusory assertion that "[l]ack of adequate preparation of the witnesses by defense counsel severely diminished the effectiveness of their testimony." ECF No. 99 at 14. He does not provide any details as to how they were unprepared for the limited testimony they gave, how their testimony was ineffective, and how it would have been more effective—enough to change the outcome of his trial—had they been prepared for longer than twenty-four hours.

Petitioner's claim that Mr. McKenna provided constitutionally ineffective assistance of counsel by "opening the door to prosecutor's cross examination of Petitioner regarding facts underlying Petitioner's prior convictions," ECF No. 99 at 14, must also fail. As the Government notes, Petitioner chose to testify knowing that the Government sought to introduce evidence of his prior convictions. *See* ECF No. 112 at 17; ECF No. 56 at 1-2 (correspondence notifying the

Court of Government's intent to introduce evidence of a past conviction). Furthermore, Mr. McKenna specifically objected to the Government "delving into the facts and circumstances" of his prior conviction—an objection this Court overruled. ECF No. 94 at 59. It is difficult to imagine how Mr. McKenna "opened the door" to cross-examination of the underlying facts of his past convictions, when Mr. McKenna vigorously argued that such facts should be kept out. And it is much more difficult to see how, in attempting to keep the facts underlying his convictions out of Court, Mr. McKenna was performing so deficiently that he was "not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Last, Petitioner's claim regarding Mr. McKenna's failure to object to the Government's closing statements is unfounded. Petitioner has alleged only that "the Government's attorneys misled the jury by misstating the evidence presented at trial, without objection by defense counsel." ECF No. 99 at 14. He has identified no specific statements made by the Government that were misleading or inaccurate, and has provided no argument as to how his counsel's failure to object to allegedly misleading statements prejudiced him at trial. Petitioner has established neither prong of his ineffective assistance of counsel claim on this ground.

**C. Ground Three: Trial Counsel Was Allegedly Ineffective for Failing to Object to Delays of Proceedings and Speedy Trial Act Exclusions.**

Petitioner argues that the Court improperly excluded a total of seventy-four days from the calculation of time limits set forth in the Speedy Trial Act, and that his trial counsel was constitutionally ineffective for failing to object to these delays. ECF No. 99 at 15. This Court properly excluded the time period from the Indictment to the start of trial from the calculation of the time limits set forth in the Speedy Trial Act, 18 U.S.C. § 3161. *See* ECF No. 30, 32. Petitioner claims it is "not apparent from the record that the Court ever made findings required to

exclude periods of delay under STA." ECF No. 99 at 15. But with regard to the exclusion of time Petitioner is challenging—August 5, 2011 to October 10, 2011—the Court specifically made findings that "due to the unusual and complex nature of this case and the existence of novel questions or fact and law," it was "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act." ECF No. 32 at 1-2. Because there was no Speedy Trial Act violation, Mr. McKenna was under no obligation to raise a frivolous Speedy Trial Act violation argument. *See, e.g.*, *Proctor v. United States*, 729 F. Supp. 473, 476 (D. Md. 1990), *aff'd sub nom. Epps v. United States*, 911 F.2d 721 (4th Cir. 1990) ("Professional standards of criminal defense advocacy do not require counsel to present frivolous arguments."). His performance as counsel was in no way deficient for failing to raise this argument.

**D. Ground Four: Petitioner Was Allegedly Deprived of Effective Assistance at Sentencing.**

Petitioner claims that he was deprived of effective assistance at sentencing because counsel failed to argue that it was error to apply the obstruction of justice enhancement in calculating his sentencing range, and that his sentence was imposed in violation of his rights under the Fifth and Sixth Amendment. ECF No. 99 at 15. At the sentencing hearing, Mr. McKenna clearly and unequivocally objected to the obstruction of justice enhancement. ECF No. 89 at 4 ("We do, obviously, as we noted, object to the two-level increase based on obstruction of justice and perjury in this matter."), 6-7 (arguing that Petitioner's testimony was true and not grounds for an obstruction of justice enhancement). Petitioner's claim for ineffective assistance on this ground is baseless.

**E. Ground Five: Petitioner Was Allegedly Denied Constitutionally Effective Counsel on Direct Appeal Because Counsel Did Not Review Petitioner's Motion and Hearing to Replace Trial Counsel.**

Petitioner next alleges that his counsel on direct appeal, Erek Barron, was constitutionally ineffective for failing to review the records of the hearing on Petitioner's *pro se* motion for the replacement of trial counsel, and for failing to raise issues related to the denial of this motion on appeal. ECF No. 99 at 16. The Fourth Circuit will presume that appellate counsel "decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not required to present "all issues on appeal that may have merit." *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008). It is only "when ignored issues are clearly stronger than those presented," that the "presumption of effective assistance of counsel be overcome." *Id.* Petitioner's appellate counsel exercised reasonable professional competence in determining that this issue was not meritorious and choosing not to raise it on direct appeal. *See* ECF No. 91 at 21 (this Court noting that "Mr. McKenna has represented you capably and vigorously at every stage of the proceedings. I have personally observed that. I have observed him today. You have not been provided ineffective assistance of counsel."). There are no grounds on which Petitioner has demonstrated that he received ineffective assistance of counsel at trial, and Mr. Barron acted well within the range of professional competence in declining to seek review of the Court's denial of Petitioner's motion for new counsel.

**F. Ground Six: Petitioner Was Allegedly Deprived of Effective Assistance of Counsel on Direct Appeal Because Counsel Failed to Raise the Strongest Arguments.**

Petitioner identifies a number of arguments that he requested his attorney raise on appeal, which he claims are stronger than the ones his attorney actually raised. ECF No. 99 at 17. As a result, he claims, his counsel on direct appeal was constitutionally ineffective. Petitioner has

provided no support for his conclusory assertion that the five arguments he cites in his motion are stronger than the ones actually raised by Mr. Barron on appeal, nor has he demonstrated that had counsel raised these arguments, his appeal would have been decided differently. He has alleged neither deficient performance by counsel nor prejudice, and his claim on this ground must be denied.

**G. Conclusion**

None of the numerous grounds for relief that Petitioner raised in his § 2255 Motions is sufficient to support the claim that his trial and appellate counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Rather, review of the record demonstrates that Mr. McKenna and Mr. Barron were vigorous and zealous advocates on Petitioner's behalf. Accordingly, Petitioner's § 2255 Motions [ECF No. 99, 103] will be denied.

## II. PETITIONER'S MOTION UNDER 28 U.S.C. § 1651, THE ALL WRITS ACT – FOR "NEW DEFENSE NOT AVAILABLE AT THE TIME OF CONVICTION" [ECF NO. 117][3]

Petitioner's Motion Under 28 U.S.C. § 1651 [ECF No. 117] offers a lengthy expository on the availability of the writ of *audita querela* to assert a defense that was unavailable to him at the time of trial. Petitioner argues that he "has been enhanced under § 924(c) after a § 922(g)(1) charge and a crime of drug trafficking. However, he was not enhanced properly at indictment, since the elements of the enhancement require, at indictment, public notice of the prior crimes used." ECF No. 117 at 26. While the precise basis for his motion is difficult to discern, Petitioner appears to attempt to use the writ of *audita querela* in order to argue that his sentence was improperly enhanced under the residual clause of 18 U.S.C. § 924(e), which the United

[3] This motion was docketed as a § 2255 motion in Civil Case No. RWT-16-4058, and was stayed pursuant to Standing Order 2015-06. However, because this case is not affected by the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), as described in further detail in this section, the Court will address this motion on the merits. Additionally, although it was docketed as a motion under § 2255, Petitioner actually moved under 28 U.S.C. § 1651. Accordingly, the Court will not treat this motion as procedurally barred as a successive § 2255 motion filed without approval from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2255(h).

States Supreme Court later found unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct 2551 (2015).

Regardless of whether the writ of *audita querela* is available to Petitioner in this context, his motion suffers from a fatal flaw: his sentence was not enhanced pursuant to 18 U.S.C. § 924(e). 18 U.S.C. § 924(e) states that any person "who violates section 922(g) of this title and has three previous convictions. . .for a violent felony or serious drug offense. . .shall be. . .imprisoned not less than fifteen years." Petitioner was sentenced to 96 months (eight years) on Count 1, Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), and Count 2, Possession with Intent to Distribute Cocaine Base, 21 U.S.C. § 841(a)(1), to run concurrently to one another. On Count 3, he was convicted of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and was sentenced to that provision's mandatory consecutive 60 months' (five years) imprisonment. He received no sentence enhancement pursuant to 18 U.S.C. § 924(e), and thus the holding in *Johnson* does not provide a basis for challenging his sentence.[4] Accordingly, this motion will be denied.

**CERTIFICATE OF APPEALABILITY**

Petitioner may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2012); *Hardy*, 227 F. App'x at 273. "A

[4] Petitioner also seems to be making an argument under *Alleyne v. United States*, 133 S.Ct. 2151, 2163 (2013), in which the Supreme Court held that "[f]acts that increase mandatory minimum sentences must be submitted to the jury" and proved beyond a reasonable doubt. In *Alleyne*, the Court held that the Petitioner could not be subject to 18 U.S.C. 924(c)(1)(A)(ii)'s mandatory minimum of 7 years imprisonment for brandishing a firearm, when the jury found him guilty only of possession—carrying a mandatory minimum of 5 years' imprisonment—but the judge found by a preponderance of the evidence at sentencing that he had brandished the weapon. *See id.* at 2162-64. Here, the jury found Petitioner guilty of possession of a firearm in furtherance of a drug trafficking crime, *see* ECF No. 64, and he was accordingly sentenced to the mandatory minimum punishment for that crime, *see* ECF No. 78; 18 U.S.C. § 924(c)(1)(A)(i).

prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. App'x 296, 297 (4th Cir. 2009). As shown above, Petitioner's claims are meritless. No reasonable jurist could find merit in any of Petitioner's claims, and thus no certificate of appealability will issue.

## CONCLUSION

For the reasons discussed above, it is this 16th day of March, 2017, by the United States District Court for the District of Maryland,

**ORDERED**¸ that Petitioner's § 2255 Motions [ECF No. 99, 103] are hereby **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT BE ISSUED**; and it is further

**ORDERED**, that Petitioner's Motion Under 28 U.S.C. § 1651, The All Writs Act [ECF No. 117] is hereby **DENIED**; and it is further

**ORDERED**, that the Clerk of this Court **SHALL PROVIDE** a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk of this Court **SHALL CLOSE** Civil Action Nos. RWT-14-1303 and RWT-16-4058.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE